IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEAU HOUSTON GRAY, | No. 2:17-cv-1172-TLN-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION |
| SHAWN HATTON, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's unopposed motion to dismiss (Doc. 34). Petitioner requested additional time in which to file an opposition to the motion. However, no opposition has been received, and the time for filing an opposition has passed.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th

1

Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n.12. The petitioner bears the burden of showing that he has exhausted state remedies. See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

Respondent brings this motion to dismiss petitioner's habeas corpus petition as a second or successive petition.[1] Respondent contends petitioner previously filed a petition for writ of habeas corpus in this court challenging the same conviction and sentence.

Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." Under § 2244(b)(2), "[a] claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed. . . ." unless one of two circumstances exist. Either the newly raised claim must rely on a new rule of constitutional law, or the factual predicate of the new claim could not have been discovered earlier through the exercise of due diligence and the new claim, if proven, establishes actual innocence. See id. Before a second or successive petition potentially permissible under § 2244(b)(2) can be filed, however, the petitioner must first obtain leave of the Court of Appeals. See 28 U.S.C. § 2244(b)(3). In the absence of proper authorization from the Court of Appeals, the district court lacks jurisdiction to consider a second or successive petition and must dismiss it. See Cooper v. Calderon, 274 F.3d 1270 (9th Cir. 2001) (per curiam).

Upon review of the instant petition, the undersigned concludes that the court lacks

---

[1] Respondent alternatively argues the petition filed in this action was filed beyond the statute of limitations, pursuant to 28 U.S.C. § 2244(d). However, as addressed herein, this court lacks jurisdiction to address the petition as filed.

jurisdiction because the instant petition is a second or successive petition filed without prior leave of the Ninth Circuit Court of Appeals. Petitioner is challenging a 2010 conviction from Shasta County for denial of his due process rights. He filed a prior petition, challenging the same conviction, in 2013, <u>Gray v. Foulk</u>, 2:13-cv-0775-JKS. This prior petition was adjudicated on the merits. (<u>See</u> 2:13-cv-0775 JKS, Doc. 18). Judgment was entered on August 26, 2015, and the case was closed. (<u>See</u> 2:13-cv-0775 JKS, Doc. 19). Petitioner then appealed this court's decision to the Ninth Circuit, which denied petitioner's request for a certificate of appealability May 19, 2016, for failure to make a substantial showing of the denial of a constitutional right. (<u>See</u> 2:13-cv-0775 JKS, Doc. 23). Petitioner has not provided authorization from the Court of Appeals to file a second or successive petition, and this court therefore lacks jurisdiction to consider the pending petition.

**IV. CONCLUSION**

Based on the foregoing, the undersigned recommends respondent's motion to dismiss (Doc. 34) and petitioner's petition for a writ of habeas corpus (Doc. 1) be dismissed, without prejudice, for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 12, 2018

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE